```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X
ANTHONY J. VALDEZ III,
                        Plaintiff,
          -against-                        COMPLAINT

THE CITY OF NEW YORK, AND NEW YORK CITY
POLICE DEPARTMENT POLICE OFFICERS, DT3
BRIAN LUKOWSKY; DET GLENN KENNEDY; P.O.
JOHN or JANE DOES # 1-10; individual        JURY TRIAL DEMANDED
defendants sued in their individual and
official capacities,
                        Defendants.
------------------------------------ X
```

**PRELIMINARY STATEMENT**

1. This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of his rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from an incident that arose on or about February 4, 2014. During the incident, The City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, assault, battery, unreasonable force, failure to intervene, and respondeat superior liability. Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. Within 90 days of the incidents alleged in this complaint, plaintiff served upon defendant The City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where, and the manner in which the claim arose and the items of damages or injuries claimed.

3. More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant the City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4. This action is being commenced within one year and ninety days of the date of the occurrence herein.

5. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and Kings County is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

7. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8. DT3 Brian Lukowsky; DET. Glenn Kennedy; and P.O. John or Jane Does # 1-10 are NYPD police officers, employed in the 290-70th Detective Squad or the 70th precinct, located in Kings County New York, or another as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

10. On February 4, 2014, at and in the vicinity of the 70th Precinct, 154 Lawrence Avenue, Brooklyn, New York 11230, in Kings County, defendant police officers, acting in concert and at times independently, committed the following illegal acts against plaintiff.

11. On February 4, 2014, at approximately 9:00 p.m., at and in the vicinity of 154 Lawrence Avenue, Brooklyn, New York 11230, plaintiff was detained in a cell, after having voluntarily surrendered.

12. An officer was walking by plaintiff's cell, and plaintiff asked the officer to speak to his arresting officer.

13. Plaintiff wanted to ask his arresting officer, DT3 Lukowsky, for permission to make a call to his attorney.

14. The officer stated that he would try to find plaintiff's arresting officer.

15. Approximately two hours passed, and his arresting officer did not come.

16. Plaintiff saw another officer walking by his cell and asked that officer to speak to DT3 Lukowsky.

17. This officer said he would try to find plaintiff's arresting officer.

18. His arresting officer did not come.

19. Plaintiff then requested to speak to a captain, but no one responded.

20. Plaintiff knocked on the door to the cell to try to get an officer's attention.

21. DT3 Lukowsky and Captain John Doe 1 came downstairs.

22. DT3 Lukowsky and Captain John Doe 1 told plaintiff to turn around and put his hands behind his back.

23. Plaintiff complied.

24. DT3 Lukowsky and Captain John Doe 1 placed excessively tight handcuffs on plaintiff.

25. DT3 Lukowsky then placed plaintiff in leg irons.

26. Plaintiff stood compliantly in handcuffs and leg irons.

27. Captain John Doe 1 punched plaintiff in the back and the side.

28. DT3 Lukowsky then grabbed plaintiff and slammed him into a wall.

29. DT3 Lukowsky then pushed plaintiff into the door of the holding pen.

30. DT3 Lukowsky then slammed plaintiff into another door.

31. DT3 Lukowsky then pushed plaintiff to the ground.

32. DT3 Lukowsky then dragged plaintiff up a flight of stairs.

33. DT3 Lukowsky then slammed plaintiff into a wall.

34. DT3 Lukowsky took plaintiff into an office.

35. DT3 Lukowsky then slammed plaintiff into a locker and threw him onto a desk.

36. DT3 Lukowsky then pushed plaintiff into another desk.

37. DT3 Lukowsky then took plaintiff into a holding pen and sat plaintiff down on a chair.

38. DT3 Lukowsky then yanked the chair out from under plaintiff, causing him to fall to the ground.

39. Once on the ground, Captain John Doe 1 hit plaintiff and kicked him in the stomach.

40. Another officer P.O. John Doe 2 hit plaintiff in the back.

41. DT3 Lukowsky then hit plaintiff in the head.

5

42. Plaintiff was left in the cell in shackles for approximately 6 hours.

43. Plaintiff never got to call his lawyer.

44. The officers who did not touch plaintiff did nothing to stop this beating.

45. Plaintiff requested medical care.

46. His request was denied.

47. Plaintiff was taken to Central Booking.

48. While at Central Booking, plaintiff requested medical care.

49. Plaintiff's request was denied.

50. Plaintiff did not violate any law, regulation, or administrative code, commit any criminal act, or act in a suspicious or unlawful manner prior to or during the above incidents.

51. The defendants acted under the pretense and color of the law and within the scope of their employment.

52. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers.

53. Said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

54. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries,

pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

55. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (ASSAULT)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

58. Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SECOND CLAIM

### (BATTERY)

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Among other things, as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

7

61. Accordingly, defendants are liable to plaintiff under New York State law for battery.

### THIRD CLAIM

### (UNREASONABLE FORCE)

62. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63. The individual defendants' use of force upon plaintiff was objectively unreasonable.

64. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

65. Those defendants who did not touch the plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

66. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

### (DENIAL OF MEDICAL CARE)

67. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68. Defendants are liable to plaintiff because they ignored plaintiff's need for medical treatment for serious medical issues and/or injuries, or delayed such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

**FIFTH CLAIM**

**(NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING, AND RETENTION OF UNFIT EMPLOYEES)**

69. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70. Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its police officers.

**SIXTH CLAIM**

**(INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

71. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72. That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

73. The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

74. The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

## SEVENTH CLAIM

### (NEGLIGENCE AND GROSS NEGLIGENCE)

75. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

76. Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

77. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

78. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

79. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (MONELL CLAIM)

80. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

81. Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

82. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

83. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants

were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

84. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

85. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

86. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

87. In addition to frequently violating the civil rights of countless residents of New York City, numerous members

of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault, and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state courts and served time in federal prison. In 2011, Brooklyn South Narcotics Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

      88. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

89. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

90. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## TENTH CLAIM

### (RESPONDEAT SUPERIOR)

91. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

92. The individual defendants and police officers were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including assaulting and battering plaintiff.

93. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

      c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

      d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York

            January 22, 2015

ADAMS & COMMISSIONG LLP,
*Attorneys for Plaintiff*
65 Broadway Suite 715
New York, New York 10006
212-430-6590
martin@amcmlaw.com

By:

_____
MARTIN E. ADAMS, ESQ.